DAVID MYERS
4907 RIMWOOD DR
FAIR OAKS, CA. 95628
916-967-2565
Defendant, In Pro Per



FILED

JAN 2 4 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1
2
3
4

IN THE UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF CALIFORNIA

5
6
7

8    DAVID MYERS

9         **Plaintiff(s)**

10        **Vs.**                                    No.: 211-CV-02347-JAM CKD

11   Defendant(s) HUNT & HENRIQUES,

12   Attorneys at LAW, MICHAEL S. HUNT        **Opposition to motion to Dismiss**

13   JANALIE HENRIQUES,CHARLES                    **DEMAND FOR JURY TRIAL**

14   GLAUBERMAN, CAROL SABUROMARU

15   FIA CARD SERVICES. N.A.

16    **Defendant**

17   _____

18   PLAINTIFF, DAVID MYERS , Hereby responds to Defendants (HUNT & HENIQUES)  Know
19   as  (H&H) for this response, Motion to Dismiss Plaintiff's Complaint and Memorandum of Law,
     and States:
20            Its difficult to comprehend the basis for HUNT& HENIQUES motion to dismiss
         other then it appears to have been filed in bad faith.  I would like to ask the court to
21       dismiss  the Rosenthal count against attorneys from my first complaint as that does not
         apply to attorneys. I would  like to amend my complaint if possible it not I will state my
22       case against the dismissal here.

23
24   This is an action for damages brought for damages and for injunctive relief brought by Plaintiff,
     DAVID MYERS against each named Defendant for violations of the Fair Debt Collection
25   Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.* and FCRA Fair Credit Reporting Act 15 U.S.C.
     § 1681b (f) FCRA
26   Upon belief and information, Plaintiff  DAVID MYERS contends that many of these practices
     are widespread for some or all of the Defendants. The Plaintiff intends to propound discovery to
27   each Defendant identifying these and other individuals as well.

28

I don't think the case should be dismissed for many reasons as I will discuss. The Defendant illegally pulled Plaintiff's credit report on June 16, 2009 in violation of FCRA 604,619 they initiated a credit pull on Plaintiffs credit report from Experian without a permissible purpose, and Obtaining information under false pretenses and also illegally attempted to collect on a nonexistent debt. . Obtaining information under false pretenses is a criminal violation as described in (FCRA) U.S.C. 15 §1681q. *Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.*

> The factual bases of the Plaintiff's allegations against (H & H ) are crystal clear:
> 2. On December 8[th] 2009 at 12:36pm (H & H) called my home and did not leave a message just hung up in violation of TCPA Telephone Consumer Protection Act (47 U.S.C. § 227) Then the Plaintiff called again on Dec 16 2009 @ 12:04 pm and Dec 28th 2009 @ 4:37 both times with a message like this.
> This is H& H calling with an  important matter, please return this call at your earliest convenience and use account number 34-2009xxxxx as your reference  number. Please contact us at  1-800 496-5051 thank you. No mini Miranda warning as required by law. Which is…The purpose of this call is to collect a debt and any information obtained will be used for the purpose of collecting the debt. They are in Violation of  TCPA Telephone Consumer Protection Act (47 U.S.C. § 227) I will add additional calls when the case proceeds.

> . The Plaintiff, DAVID MYERS contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt

 Plaintiff, DAVID MYERS is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

1. Upon information and belief Defendant, HUNT & HENRIQUES ATTORNEYS AT LAW a California for Profit Corporation, and known entity authorized to do business in California, and has a business interrelationship with all the Defendants. HUNT & HENRIQUES: is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

2. Upon information and belief Defendant, MICHAEL S. HUNT Individually, is a natural person and is a resident of the State of California and has an interrelationship with all the Defendants. MICHAEL S. HUNT Individually; is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

3. Upon information and belief Defendant, JANALIE HENRIQUES, Individually, is a natural person and is a resident of the State of California and has an interrelationship with all the Defendants JANALIE HENRIQUES  Individually is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

4. Upon information and belief Defendant, CHARLES GLAUBERMAN, Individually, is a natural person and is a resident of the State of California and has an interrelationship with all the Defendants. CHARLES GLAUBERMAN  Individually; is a debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

5. Upon information and belief Defendant, CAROL SABUROMARU, Individually, is a natural person and is a resident of the State of California and is the Records Custodian and is an acting officer of Defendants and has an interrelationship with all the Defendants. CAROL SABUROMARU  Individually: is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

6. Upon information and belief Defendant, FIA CARD SERVICES, doing business in the state of California a for profit corporation in the state of  Wilmington, DE 19850,5019 P.O. Box 15019 FIA CARD SERVICES is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

 In November 18 2009 Plaintiff received a letter stating that there client(FIA CARD SERVICES) was owed $7784.90 and they would settle for 5682.98. Again on  November 25, 2009December 1, 2009December 11,2009 stating the same alleged debt owning. Then in February 7,2011 the plaintiff received a letter stating the amount due was now $12,316.40 increased an additional $4531.50. and another letter on February 14,2011 all attempting to collect on an alleged debt.

Plaintiff DAVID MYERS  On November 10, 2009 sent two Certified letters H & H and again on December 21,2009  by  certified mail asking for Validation of debt at at no time was validation or verification returned to Plaintiff

It is the Plaintiff's observation and opinion that NO California Court should be enabling the Defendants to violate TCPA, Telephone Consumer Protection Act, neither the Fair Debt Collection Practices Act or the Fair Credit Reporting Act.

Plaintiff , DAVID MYERS does not have nor ever had any "contractual obligation" to pay any of the Defendants for any alleged debt.

 Each of the Defendants has failed to attach the alleged member agreement(s) or any evidence that Plaintiff ever had any account with any of the Defendants.

 The Defendants through the filing of their false and misleading representation willfully violated U.S. Federal and California State debt collection practices act laws by continuing to attempt to collect an alleged debt prior to the validation and verification.

The Defendants willfully used letters and other documents as false representation in an attempt to collect an alleged or disputed debt via the United States Postal Service which could be construed as fraud and Extortion. These violations continued from the Defendants on each of the following dates: November 18,November 25,December 1, Dec 11,2009,Febuary 7,2011 Febuary 14, 2011

Willfully the Defendants have asserted a right which they lack, to wit, the right to enforce a debt against the Plaintiff on each of the following dates November 18,November 25,December 1, Dec 11,2009,Febuary 7,2011 February 14, 2011

Plaintiff, DAVID MYERS contends that the illegal actions of all the Defendants have harmed and continue to harm the Plaintiff, resulting in duress, credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, plus the expenditures for a paralegal. $360.00

 Each Defendant therefore is in violation of Fair Debt Collection Practices Statutes Article 2.7(6) , which are a condition precedent and applies to those entities receiving assignments of consumer debts and, having failed to comply by providing notice to Plaintiff within 30 days after assignment. The Defendants are precluded as a matter of law from bringing an action in any court of California.

**VIOLATION OF FAIR CREDIT REPORTIN ACT  15 U.S.C. § 1681b (f) FCRA**
 **And VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**(FDCPA), 15 U.S.C. §1692    BY DEFENDANTS**:

 HUNT & HENRIQUES ATTORNEYS AT LAW, MICHAEL S. HUNT

, JANALIE HENRIQUES CHARLES GLAUBERMAN CAROL SABUROMARU, FIA CARD

SERVICES

Jurisdiction for this court arises pursuant to 15 U.S.C.1 692k(d),which states that such Actions may be brought and heard before" any appropriate United States District Court without regard to the amount in controversy."

Defendant conduct business in the State of California, and therefore, personal jurisdiction is established.

 Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

 Declaratory relief is available pursuant to 28 U.S.C.2 20I and 2202.

 This is an action for damages which exceed $7,360.00

I object to the Defendants use of trying to  shoe horn in  Anti-Slapp statues, as a way avoid the Plaintiff use of  Discovery and should not be allowed, this is not a public interest case. The motive of Anit-**SLAPP** filers-or "SLAPPers"--is not to win, but rather to chill the Plaintiff's

- 4

activities of speech or protest and to discourage others from similar activities. **I request discovery in this case.**

. Each Defendant willfully violated the FDCPA 15 U.S.C. §1692 against the Plaintiff. Each of the Defendant's violations includes, but are not limited to, the following:
 (a) Each Defendant willfully violated 15 U.S.C. §1692e (2) by falsely representing the character, amount, or legal status of any debt. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7360.00

(b) Each Defendant willfully violated 15 U.S.C. §1692 e (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00
(c) Each Defendant willfully violated 15 U.S.C. §1692 e (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

(d) Each Defendant willfully violated 15 U.S.C. §1692 e (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

(e) Each Defendant willfully violated 15 U.S.C. §1692 e (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

(f) Each Defendant willfully violated 15 U.S.C. §1692 e (12) the false representation or implication that accounts have been turned over to innocent purchasers for value. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

(g) Each Defendant willfully violated 15 U.S.C. §1692 e (13) the false representation or implication that documents are legal process. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

(h) Each Defendant willfully violated 15 U.S.C. §1692 f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

(i) Each Defendant willfully violated 15 U.S.C. § 1692 g(b) Validation of Debts and continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Plaintiff is entitled to $1,000 per Defendant and Plaintiff demands $7,360.00

**WHEREFORE, Plaintiff, DAVID MYERS demands judgment for damages**

**against Each Defendant:** HUNT & HENRIQUES ATTORNEYS AT LAW, MICHAEL S.

HUNT  , JANALIE HENRIQUES CHARLES GLAUBERMAN CAROL SABUROMARU, FIA

CARD

**, and for actual damages of $7,360.00 and statutory damages, and punitive damages.**

The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro Se* Plaintiff's Complaint which this Court must accept as true at this juncture of the proceeding, and which in light of the Plaintiff's *pro Se* status the Court must hold to a less stringent standard then formal pleadings drafted by an attorney and construe liberally. See Haines v Kerner  404 U.S.519,520,92 S. Ct. 594,596,30 L.Ed.2d 652 (1972)

WHEREFORE, Plaintiff request that the Court deny Defendants Motion to Dismiss.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 24th Day of January, 2012

Respectfully submitted

*Pro Se*
David Myers

- 6

1
2
3
4
5
6
7
8                                    Mailed to.
9
10
11
12      Raagini Shah /REED SMITH
13      355 South Grand Avenue Suite 2900
        Los Angles, DA 90071-1514
14      For FIA Card Services
15
16
17      Jeffery A Topor
        Lindsey A Morgan
18      44 Montogomery Street, Suite 3010
19      San Francisco, CA 94104-4816
        For Hunt & Henriques, Michael S. Hunt and
20      Janalie Henriques
21
22
23
24
25
26
27
28