IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MYERS,

        Plaintiff,                No. CIV S-11-2347 JAM CKD PS

    vs.

HUNT & HENRIQUES, et al.,

        Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motions to dismiss and motion to strike came on regularly for hearing March 14, 2012. Plaintiff appeared in propria persona. Jeffrey Topor appeared telephonically for defendants Hunt & Henriques, Hunt, and Henrique ("Hunt"). Raagini Shah appeared telephonically for defendant FIA Card Services N.A. ("FIA"). Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims against a law firm, the named partners of the law firm, and a credit card company. Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.

Pending before the court are the motions to dismiss of all defendants and the Hunt defendants' special motion to strike the Rosenthal claim and for attorneys fees under the anti-SLAPP (Strategic Lawsuit Against Public Participation) provisions of California Code of Civil Procedure section 425.16.[1]

The action arises out of a $10,600 credit card debt allegedly owed by plaintiff. The Hunt defendants were hired in June, 2009 by defendant FIA to collect on the credit card debt. A collection action was filed in state court on August 6, 2009. See dkt. no. 8-1, Hunt Decl. The present federal action was filed September 6, 2011.

Defendant FIA moves to dismiss all of the claims because the complaint does not plead specific allegations against FIA in the body of the complaint. Defendant is correct in its contention that plaintiff improperly refers to collective "defendants" and that the complaint does not give fair notice of the claims against the individual defendants. On this basis, dismissal is warranted. For the reasons discussed below, it appears that dismissal with prejudice is appropriate as to the claims under the FDCPA, the TCPA and the Rosenthal Act.

Under the FDCPA, a claim cannot lie against defendant FIA because that statute explicitly excludes from its scope an entity seeking to collect its own debt. 15 U.S.C. § 1692(a)(6)(A). With respect to the FDCPA claims against the remaining defendants, the Hunt defendants contend such claims are barred by the one year statute of limitations. See 15 U.S.C. § 1692k(d). In opposition, plaintiff submits Exhibits B and C, letters dated February 7, 2011 and November 8, 2010. These letters comprise a settlement offer in the state court action and a written communication relating to discovery in that action. Although these letters are within the one year statute of limitations, there is nothing in this correspondence which gives rise to a claim under the FDCPA. At the hearing, plaintiff articulated no viable claim that is not time barred under the FDCPA. That claim should accordingly be dismissed without leave to amend.

---

[1] The Hunt defendants do not presently contest the FCRA claim.

A claim under the TCPA cannot lie because plaintiff does not allege that calls were made to plaintiff's cell phone and that such calls were made using an automatic dialing system or an artificial, pre-recorded voice message. See 47 U.S.C. § 227(b)(1)(A). In opposition to the motions to dismiss, plaintiff identifies calls made on December 8, 16 and 28, 2009 but does not allege the calls were made to a cell phone or that the calls were made with an automatic dialing system or an artificial voice message system. Plaintiff conceded at the hearing that the calls were made to his home phone and were not made with an automatic dialing system or an artificial voice message system. Because it does not appear plaintiff can allege a claim under the TCPA consonant with Federal Rule of Civil Procedure 11, the TCPA claim should also be dismissed without leave to amend.

The Hunt defendants also move to strike the Rosenthal Act under California Code of Civil Procedure section 425.16(b). The Rosenthal Act specifically excludes attorneys from the definition of debt collector. Cal. Civ. Code § 1788.2(c); see also Owings v. Hunt & Henriques, 2010 WL 3489342, *2 (S. D. Cal. Sept. 3, 2010) (exclusion under Rosenthal Act encompasses law firms); cf. Bautista v. Hunt & Henriques, 2012 WL 160252 (N. D. Cal. Jan. 17, 2012) (rejecting reasoning of Owings and holding law firm can be liable under Rosenthal Act). The Act plainly bars an action against the individual lawyer defendants. With respect to the Rosenthal Act claim against the defendant law firm, even if the Rosenthal Act is applicable, as with plaintiff's claim under the FDCPA, plaintiff's Rosenthal Act claim is barred by the one year statute of limitations. Cal. Civ. Code § 1788.30(f). A claim against the Hunt defendants cannot, therefore, lie under this statute.[2]

In response to the motion to strike, plaintiff now seeks to voluntarily dismiss the Rosenthal Act claim. The Hunt defendants, however, are entitled to have their motion to strike and for attorneys fees under California Code of Civil Procedure section 425.16 resolved by this

---

[2] Because any Rosenthal Act claim against defendant FIA is similarly time barred, the Rosenthal Act claim should be dismissed with prejudice.

3

court.  See United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999); see also Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp. 2d 1127, 1130 (N.D. Cal. 1999) (under Erie analysis, anti-SLAPP statute may be applied to state law claims asserted as pendent to federal question claims); S.B. Beach Props. v. Berti, 39 Cal. 4th 374, 385 n. 2 (2006) (citing cases where plaintiff voluntarily dismissed action after defendant filed anti-SLAPP motion and defendant properly awarded fees).

Plaintiff's Rosenthal Act claim is subject to the anti-SLAPP special motion to strike provisions because the claim arises out of the actions of the Hunt defendants in pursuing legal claims on behalf of their client, defendant FIA, including the prelitigation attempts to settle the matter and the correspondence indicating that suit would be filed if the matter was not resolved.  See Cal. Code Civ. Proc. § 425.16(b), 425.16(e) (defining phrase "in furtherance of the person's right of petition or free speech"); Blanchard v. DirecTV, Inc., 123 Cal. App. 4th 903 (2004).  As noted above, the Rosenthal Act claims against the Hunt defendants are meritless. The motion to strike should therefore be granted.

Under Cal. Code Civ. Proc. § 425.26(c), a prevailing defendant on a special motion to strike shall be entitled to recover attorneys fees and costs.  Defendant requests 11.2 hours at an hourly rate of $310 ($3,472) in connection with the motion to strike and 2.1 hours at an hourly rate of $325[3] ($682.50).  The hourly rates sought by defendants are reasonable as are the number of hours claimed and are supported by the declarations of Jeffrey Topor.  The amount of attorneys fees requested, in the amount of $4,154.50, should be awarded.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (dkt. nos. 8, 17) be granted without leave to amend on the claims under the FDCPA, the TCPA and the Rosenthal Act; leave to amend within thirty days be granted on the Fair Credit Reporting Act claim against all named defendants; and

---

[3] As of January 1, 2012, defense counsel's billing rate was raised to $325 and is the rate paid by defendants.

4

2. The Hunt defendants' special motion to strike (dkt. no. 8) be granted and attorneys' fees in the amount of $4,154.50 be granted against plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 15, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
myers-hunt.57